UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR574 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| GUY SEBASTIANI, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is a motion for reconsideration of sentence (Doc. 389) filed by defendant Guy Sebastiani ("defendant" or "Sebastiani"), asking the Court to reconsider his sentence in light of his rehabilitation efforts. The Government has filed a response in opposition to the motion. (Doc. 390.)

Although Sebastiani's post-sentencing rehabilitative efforts and accomplishments are commendable, this Court lacks jurisdiction to reopen Sebastiani's sentence for the relief he seeks. The authority of the Court to resentence a defendant is limited by statute. *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Pursuant to 18 U.S.C. § 3582(c), a court may resentence a defendant under very specific and limited circumstances, none of which are applicable to defendant's request for a reduction of his sentence.[1] *See United*

---

[1] Section 3582 (C) permits a court to modify a sentence upon a motion of the Director of Bureau of Prisons under certain delineated circumstances, § 3582(c)(1)(A), to the extent permitted by statute or Fed. R. Crim. P. 35, § 3582(c)(1)(B), or upon a motion of the defendant, the Director, or upon its own motion, in the event of the Sentencing Commission subsequently lowers the sentencing range the Court applied in sentencing the defendant. 18

*States v. Bundy*, 198 F.3d 247 (Table), 1999 WL 1045167, at *2 (6th Cir. Nov. 9, 1999) (neither 18 U.S.C. § 3582(c), 28 U.S.C. §§ 2241, 2244, or 2255 permit a sentencing court to reopen a defendant's sentence based on rehabilitative efforts); *United States v. Lloyd*, 484 F. Supp. 2d 1232, 1241 and n. 13 (S.D. Ala. 2007) ("Post-sentencing rehabilitation is not among the enumerated grounds in [§ 3582(c)], and therefore cannot justify a reduction in sentence.") (collecting cases). Accordingly, defendant's motion for reconsideration of his sentence is **DENIED**.

       **IT IS SO ORDERED**.

Dated: April 20, 2012

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

U.S.C. § 3582(c)(2). "The [Court's] authority to correct a sentence conferred by Rule 35(a) [of the Federal Rules of Criminal Procedure] is 'extremely limited.' " *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (quoting *United States v. Arroyo,* 434 F.3d 835, 838 (6th Cir. 2006)). Rule 35 provides, in pertinent part, that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Even if defendant's request were timely, which it is not, his request for a sentence reduction is not premised on any alleged error.